Sean C. Brennan #19915
King, Brennan & Albin, L.L.C.
833 N. Waco Ave.
Wichita, KS 66208
(316)263-0505
(316)263-2128 [FAX]
sbrennan@kbafirm.com
*Attorneys for the plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JUSTIN SMITH and ELIZABETH YOUNG, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against this Defendant hereby states and alleges as follows:

**I.    THE PARTIES AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1.    Plaintiffs, Justin Smith and Elizabeth Young, at all times relevant hereto, were and remain citizens of Kansas with domicile in Sedgwick County, Kansas.

2.    Defendant the United States of America is amenable to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680.  Defendant the United States of America may be served pursuant to Fed. R. Civ. P. 4(i)(1) by delivering a copy of the Summons and Complaint via certified mail, return receipt requested, to Ryan A. Kriegshauser, the United States Attorney for the District of Kansas, at 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202, and Pamela

Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

3. At all times material to the allegations of negligence below, the negligent actors were employees of Defendant, specifically, the United States Army, and were performing and discharging their duties for the Defendant and the United States Army. Said employees are either federal government employees or deemed federal government employees who fall under the auspices of the Federal Tort Claims Act, *supra*.

4. At all times pertinent to these matters, Defendant and/or its employees owed plaintiffs a duty of reasonable care, as constructive bailees of Plaintiffs' property, to safeguard Plaintiffs' property and return it to Plaintiffs at the conclusion of Defendant's need for the property.

5. On March 18, 2024, in conformity with 28 U.S.C. § 2675, written notice of plaintiff's claims was provided to the Department of the Army, 1633 Mekong Street, Building 6222, Fort Carson, CO 80913. The Department of the Army acknowledged receipt and sufficiency of the written notice by e-mail on March 25, 2024, and by letter on April 8, 2024.

6. On April 8, 2024, the Department of the Army requested that Plaintiffs' claim be processed through the Military Personnel and Civilian Employees Claims Act by making a claim through the Army Center for Personnel Claims Support and offered that Plaintiff's claim would be held in abeyance until the MCA claim was finalized.

7. On December 18, 2024, Plaintiffs made a claim under the Military Personnel and Civilian Employees Claims Act. The claim was denied by e-mail communication

dated January 16, 2025, because the claim was submitted on a Form 95 and also because the Military Personnel and Civilian Employees Claims Act only compensates for loss of tangible property, not for property of the sort at issue in this case. Finally, the claim was denied on the basis that the Center for Personnel Claims Support determined that Plaintiff Smith was responsible for the loss of his property.

8. Since plaintiffs' claim was initially received, the Department of the Army and plaintiffs' counsel have exchanged correspondence, documentation, and additional information regarding plaintiffs' claim. Ultimately, the Department of the Army formally denied Plaintiffs' claim by letter dated August 13, 2025. Plaintiffs have, therefore, exhausted their administrative remedies under the Federal Tort Claims Act.

## II.   **JURISDICTION AND VENUE**

9. Plaintiff adopts and incorporates by reference paragraphs 1 through 8 of his Complaint as though fully set forth herein.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1) as it relates to all claims against the United States of America and all defendants who are federal government employees or deemed federal government employees such that they are amenable to suit under the Federal Tort Claims Act, *supra*.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) as the plaintiffs reside and are domiciled in the State of Kansas.

III.   **FACTUAL ALLEGATIONS AND CLAIMS**

12.   Plaintiff adopts and incorporates by reference paragraphs 1 through 11 of his Complaint as though fully set forth herein.

13.   In November of 2019, Plaintiff Smith was serving as an active-duty member of the United States Army, assigned to Headquarters Troop, 3d Squadron, 61st Cavalry Regiment, 2d Stryker Brigade Combat Team, 4th Infantry Division in Fort Carson, Colorado.

14.   In 2020, Army personnel suspected Plaintiff Smith was stealing equipment from Army motor pools.

15.   In response to their suspicions, Army personnel executed a search of Plaintiff Smith's home on August 12, 2020, seizing various pieces of property.

16.   One of the items seized during the search of Plaintiff Smith's home on August 12, 2020, was a Bitcoin wallet, owned by Plaintiff Smith, which contained approximately 40 Bitcoin.

17.   The Bitcoin wallet seized from Plaintiff Smith's home on August 12, 2020, was kept in the possession of Defendant, along with items of evidence seized during the search.

18.   By taking the Bitcoin wallet of Plaintiff Smith, the Department of the Army created a Bailor/Bailee relationship between itself and Plaintiff Smith.

19.   Within the military justice system, Plaintiff was ultimately charged and prosecuted with various charges related to the theft of military and personal property.

20. In conjunction with the prosecution of Plaintiff within the military justice system, Plaintiff and Defendant entered into a series of "stipulation of facts," which included the following stipulation:

"o.    The Accused acknowledges a Bitcoin wallet belonging to him containing approximately $430,000 worth of Bitcoin was recovered by law enforcement."

21.  Plaintiff Smith ultimately entered a plea of guilty to charges associated with stealing military property over $1,000 and stealing personal property less than $1,000 on November 23, 2020.  Pursuant to his plea, Plaintiff Smith was incarcerated.

22. In December of 2020, representatives of the Department of the Army from Ft. Carson visited the home of Elizabeth Young and returned selected property to her that was confiscated as part of the search conducted on August 12, 2020.  Elizabeth Young gave this property to Plaintiff Smith's sister, Tristen Alfolter, for safekeeping.

23. The Bitcoin wallet seized during the August 12, 2020, search was not among the items provided to Elizabeth Young in December of 2020.

24. In June or July of 2021, representatives of the Department of the Army visited the home of Tristen Alfolter and reclaimed the items provided to Elizabeth Young in December of 2020.

25. Plaintiff was separated from his military service on December 17, 2021.

26. Plaintiff Smith was released from his incarceration on January 12, 2022.

27. In January of 2022, Plaintiff Smith filled out a written form, which was submitted to the Department of the Army, formally requesting the return of his Bitcoin wallet.

In response, the Department of the Army informed Plaintiff Smith that the Department of the Army was not releasing the Bitcoin wallet because it had the authority to retain items of evidence for a period of 5 years.

28. In late 2022, a representative of Plaintiff Smith, Gabriel Smith, an attorney (no relation to Plaintiff Smith), contacted the Department of the Army and made arrangements to visit Ft. Carson and collect the remaining items of Plaintiff Smith's personal property that were taken by the Department of the Army during the August 12, 2020 search and were still in the possession of the Department of the Army.

29. On July 28, 2023, Gabriel Smith visited Ft. Carson and was provided selected items which were represented to be all of the items of personal property belonging to Plaintiff Smith that were seized during the August 12, 2020, search. Upon returning to his hotel room, Gabriel Smith inspected the items he had been provided. Among the items provided was a computer hard drive that did not belong to Plaintiff Smith.

30. The Bitcoin wallet was not among the items provided to Gabriel Smith by the Department of the Army during the visit of July 28, 2023.

31. On July 31, 2023, Gabriel Smith returned to Fort Carson and again met with the Department of the Army. The Department of the Army reclaimed the computer hard drive provided to Gabriel Smith on July 28, 2023, and informed him that the Bitcoin wallet would be located and provided at a later date.

32. Ultimately, during a phone conversation on November 28, 2023, the Department of the Army informed Gabriel Smith that the Bitcoin wallet would not be returned to Plaintiff Smith because it was no longer in the possession of the Department of the

Army.  The Department of the Army did not specify why the Bitcoin wallet was no longer in its possession.

33.   Based on information and belief, the Defendant, through the Department of the Army, lost or otherwise misplaced Plaintiff's Bitcoin wallet while the wallet was in its possession.

34.   Plaintiff Smith ultimately learned that his Bitcoin wallet would not be returned to him pursuant to the phone call between Gabriel Smith and the Department of the Army on November 28, 2023.

35.   At the time of the search of August 12, 2020, Plaintiff Smith was married to Plaintiff Young.  Plaintiffs executed a Separation Agreement and Parenting Plan in January of 2021 that guaranteed Elizabeth Young 50% of the value of Plaintiff Smith's Bitcoin wallet at the time the Bitcoin wallet was released to him.  As such, Plaintiff Young maintains a financial interest in the Bitcoin wallet.

## COUNT I: NEGLIGENCE

36.   Plaintiff adopts and incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.   Defendant, through the Department of the Army, owed a duty of reasonable care to Plaintiffs to safeguard the Bitcoin wallet while it was in their possession, pursuant to the Bailor/Bailee relationship that was created when the Department of the Army took possession of the Bitcoin wallet.

38.   Defendant, through the Department of the Army breached the duty of reasonable care when it misplaced, converted, lost or otherwise failed to return the Bitcoin wallet.

39. Defendant United States of America is vicariously liable for the negligent acts, omissions, and commissions of its government employees/deemed government employees, which were committed within the nature, course, and scope of their employment with the federal government, to include all acts contributing to the failure to return the Bitcoin wallet.

40. The loss of the Bitcoin wallet suffered by Plaintiffs as a result was the result of the negligence and fault of Defendant through the Department of the Army, which includes, but is not limited to, the following:

   a. Negligent failure to monitor the Bitcoin wallet while it was in their possession;

   b. Negligent failure to preserve the Bitcoin wallet while it was in their possession;

   c. Negligent failure to keep records of the whereabouts of the Bitcoin wallet while it was in their possession;

41. As a result of the bailment that occurred when the Department of the Army acquired the Bitcoin wallet in August of 2020, the Defendant is presumptively negligent for failing to return the Bitcoin wallet.

42. The approximately 40 Bitcoin on the subject Bitcoin wallet had the following values during the following material dates:

   a. August 12, 2020:       $463,397.20

   b. July 28, 2023:         $1,172,770.00

   c. November 28, 2023:     $1,513,243.60

   d. November 20, 2025:     $3,465,276.00 (date Complaint was prepared)

43. No act or omission on the part of the plaintiff caused or contributed to the failure of Defendant to return the Bitcoin wallet.

44. As the direct and proximate result of the negligence Defendant, individually, and by and through its government employees and/or deemed government employees for whose conduct it is vicariously liable, Plaintiffs have been made to sustain and suffer serious economic losses, which are progressive in nature depending on the value of the missing Bitcoin; and have sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

## COUNT II: CONVERSION

45. Plaintiff adopts and incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Pursuant to the search and seizure described in paragraphs 15 and 16, the Defendant, through the Department of the Army, intended to deprive Plaintiff of his possession of the Bitcoin wallet he owned.

47. Pursuant to the phone call between representatives of Defendant and Gabriel Smith on November 28, 2023, Plaintiff Smith learned that the Defendant refused to return the Bitcoin wallet.

48. To date, the Defendant has continued to refuse to return the Bitcoin wallet and, as such, has converted the Bitcoin wallet.

49. As the direct and proximate result of the Defendant's conversion of the Bitcoin wallet, individually, and by and through its government employees and/or deemed government employees for whose conduct it is vicariously liable, Plaintiffs have been made to sustain and suffer serious economic losses, which are progressive in nature depending on the value of the missing Bitcoin; and have sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

## IV.    CONCLUSION

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against

Defendant in an amount in excess of $75,000, along with the costs of this action, interest

thereon at a lawful rate, and all other relief that the Court deems just and equitable.


Respectfully submitted,


/**s**/ *Sean C. Brennan*
Sean C. Brennan, #19915
King, Brennan & Albin, LLC
833 N. Waco Ave.
Wichita, KS 67203
Phone: 316-263-0505
Fax:    316-263-2128
sbrennan@kbafirm.com

and

*/s/ Drew Steadman*
Drew Steadman, #25486
King, Brennan & Albin, LLC
833 N. Waco Ave.
Wichita, KS 67203
Phone: 316-263-0505
Fax:    316-263-2128
dsteadman@kbafirm.com